**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GREGORY MARQUE HILLIE**                                               **PETITIONER**

**V.**                                    **NO. 4:17-CV-180-DMB-DAS**

**ROBERT GRAHAM, et al.**                                         **RESPONDENTS**

**ORDER DISMISSING CASE**

On or about September 29, 2017, Gregory Marque Hillie, who is incarcerated at the Bolivar County Correctional Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. #1 at 1, 14. Hillie's petition is largely incoherent and unintelligible,[1] and contains many pages that are essentially blank as well as pages with writing in the margins.

On April 11, 2018, United States Magistrate Judge David A. Sanders issued a Report and Recommendation which recommended that Hillie's petition "be dismissed for failure to state a claim upon which relief could be granted." Doc. #4 at 1 (emphasis omitted). On or about April 16, 2018, Hillie objected to the Report and Recommendation.[2] Doc. #6.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

---

[1] For example, in the field asking for the name and location of the court of conviction, Hillie wrote, "N/A intergrammer timetable;" and in the field asking for the crimes Hillie was convicted of and sentenced for, Hillie wrote, "Motion comparison Georgia and United States of America Constitution Amendments bill of rights law suit 1 million U.S. Currency kidnap, protection of human rights discrimination Act got me house in a dungeon violation have no been to trial RICO Act violation." Doc. #1 at 1.

[2] Although styled as a "Motion Show Cause," the Court construes this document as an objection.

In his objection, Hillie alleges that he was "indicted by grand jury first degree murder without preliminary hearing" and recites constitutional rights he accuses several judges of violating. Doc. #6 at 1–2.

First, there is no right to a preliminary hearing under the United States Constitution, and a "[f]ailure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights which would vitiate a subsequent conviction." *United States v. Coley*, 441 F.2d 1299, 1301 (5th Cir. 1971). Thus, to the extent Hillie complains that he was not provided a preliminary hearing before indictment, his objection cannot be sustained.

Second, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Hillie's petition and objections offer nothing more than conclusory and inscrutable allegations devoid of substantive support or factual detail. Accordingly, Hillie's objections are all without merit and are overruled.

Having reviewed the remainder of the Report and Recommendation and found it not clearly erroneous or contrary to law, the Report and Recommendation [4] is **ADOPTED** as the opinion and order of the Court. Hillie's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [1] is **DISMISSED** for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this 11th day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**